FIRST NATIONAL BANK, STOUGHTON, WISCONSIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41512.  Promulgated March 31, 1931.

J. B. *Read, Esq.*, for the petitioner.
J. M. *Leinenkugel, Esq.*, for the respondent.

OPINION.

McMAHON: The petitioner made its returns on the cash receipts and disbursements basis and it is conceded by the petitioner that it kept its books upon the same basis. The respondent disallowed as a deduction in each of the years in question an amount deducted by the petitioner on its books for bank-stock taxes which was not actually paid until a later year. The question to be decided is whether a bank, on the strictly cash receipts and disbursements basis, may deduct the amount due for taxes as an accrued liability simply because it has done so over a number of years. Section 212(b) of the Revenue Acts of 1924 and 1926 provides:

> The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

Article 23 of Regulations 69 provides:

> *Bases of computation.*—Approved standard methods of accounting will ordinarily be regarded as clearly reflecting income. A method of accounting will not, however, be regarded as clearly reflecting income unless all items of gross income and all deductions are treated with reasonable consistency. See section 200 for definition of "paid or accrued" and "paid or incurred." All items of gross income shall be included in the gross income for the taxable year in which they are received by the taxpayer, and deductions taken accordingly, unless in order clearly to reflect income such amounts are to be properly accounted for as of a different period. * * *

The petitioner contends that a taxpayer does not have to use a strictly accrual or a strictly cash basis, but that a method which clearly reflects income and which has been followed consistently over a period of years should not be disturbed. We do not believe that the petitioner's contention is sound. We have repeatedly held that a taxpayer may not return part of its return on a basis of cash receipts and disbursements and a part on the accrual basis. Such a method does not clearly reflect income.

In *Corinth State Bank*, 14 B. T. A. 1162, the petitioner was a banking corporation organized under the laws of Mississippi. In 1924 it became liable for state, county and municipal taxes, but did not pay them until 1925. We held that where the petitioner's books were kept on a basis of cash receipts and disbursements, no deduction was allowable in 1924. See also *R. L. Brown Coal & Coke Co.*, 14 B. T. A. 609.

In *Stern Brothers*, 13 B. T. A. 1192, we said:

The petitioner states three propositions upon which it relies. It is urged that the method of accounting regularly employed by a taxpayer shall be used unless it fails to clearly reflect the income. Section 212(b), Revenue Act of 1921. With this statement there can be no disagreement, but it should be pointed out that the section refers to a method of accounting and not to the treatment accorded on the books to an isolated transaction. * * *

\* \* \* \* \* \* \*

* * * While section 212 of the statute permits income to be returned in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, it limits this permission to cases where the method clearly reflects the income. * * *

Even if we assume that the taxpayer is entitled to accrue the amount due for taxes, it would not be entitled to a deduction therefor in the years in question. The evidence shows that the taxes were illegally assessed under a statute later declared unconstitutional by the Supreme Court of the United States. The petitioner was contesting its liability to pay and later events showed that there was no liability. In such a situation, no deduction is allowable. See *Producers Fuel Co.*, 1 B. T. A. 202; *Philip C. Brown*, 10 B. T. A. 1122; and *Lehigh Valley Coal Sales Co.*, 15 B. T. A. 1401.

In our opinion the fact that in a later year the petitioner paid approximately 35 per cent of this amount does not work a different result in the case. In *E. L. Bruce Co.*, 19 B. T. A. 777, due to the fact that the taxpayer was contesting the constitutionality of an act imposing taxes, it accrued taxes on its books for the years when due but did not pay them, and in the taxable year it paid an amount in compromise of the suit. The act imposing the taxes was later declared unconstitutional. We held that the amount paid was deductible in its entirety in the taxable year as a *loss* and did not constitute taxes deductible in the years in which they were accrued. While our case differs from the *Bruce* case in that the petitioner in the instant case paid the taxes after the act had been declared unconstitutional and the payment was, therefore, voluntary, since the year in which the amount was paid is not before us, we do not have to decide whether or not such a voluntary payment is deductible as a loss in that year. In any event the amount paid is not deductible as taxes in the years in question. See also *Inland Products Co.*, 10 B. T. A. 235.

We therefore hold that the petitioner is not entitled to the claimed deductions.

*Judgment will be entered for the respondent.*